## Case No. 8,213.

LEHIGH COAL & NAVIGATION CO. v. CENTRAL R. CO.

[4 Wkly. Notes Cas. 187.]

Circuit Court, W. D. Pennsylvania. April 30, 1877.

REMOVAL OF CAUSES FROM STATE TO FEDERAL COURTS — INJUNCTION BY STATE COURT AGAINST PROCEEDING IN UNITED STATES COURT — WHEN SUCH INJUNCTION HAS NO EXTRATERRITORIAL OPERATION—FINAL DECREE.

[1. A creditors' bill was filed in the chancery of New Jersey by a Pennsylvania corporation, owners and lessors of a railroad situated in Pennsylvania, against the lessee, a corporation of New Jersey. Upon an ex parte application, an injunction was granted, and a receiver appointed to protect the property. Upon application, the appointment of the receiver was confirmed as to the property in Pennsylvania, and the proceedings of the chancery of New Jersey to this end adopted

[1] [Reported by Hon. William Cranch, Chief Judge.]

by the circuit court in Pennsylvania. Subsequently the lessor notified the receiver and the lessee that it would proceed to enforce its legal rights against the lessee in the circuit court, upon which the receiver applied for and obtained an injunction from the chancery of New Jersey to restrain the lessors from such action. Held, that in Pennsylvania the receiver was the receiver of the circuit court, and subject to its orders, and his appointment by the chancery of New Jersey and the proceeding therein could have no extraterritorial effect.]

[2. Upon a motion to remand to New Jersey chancery, held, that the motion should prevail: (1) Because the proceedings were under a local statute of New Jersey, and could not, therefore, be adjudicated in this court; (2) because the decree appointing a receiver was in the nature of a final decree.]

Motion to remand cause removed to the circuit court of the United States, Western district of Pennsylvania, from the chancery of New Jersey, to the latter court. On February 14, 1877, a bill was presented by the plaintiff to the chancery of New Jersey, setting forth, inter alia, that the Lehigh Coal & Navigation Company, a corporation of Pennsylvania, as lessors, had executed a contract of lease of the Lehigh & Susquehanna Railroad, owned by the lessors, and situate in the same state, to the Central Railroad Company of New Jersey, as lessees; that the lessees had occupied and run the leased road since the execution of the contract; that large arrearages of rent were due the lessors by the lessees; that the lessees had become hopelessly insolvent; and praying that the court enjoin the lessees from receiving any debts due them, or paying any money, or assigning any of their property, or exercising any of their corporate franchises; also that a receiver be appointed, and that a subpoena be issued to the lessees to appear and answer before this court. The chancellor ordered the injunction to issue, "upon the filing of this bill and affidavit" annexed, and appointed a receiver "to protect the property of" the company "until the final decree of this court, or other order of this court to the contrary." The bill and affidavit were filed.

Upon application to the circuit court of the Western district of Pennsylvania for confirmation of his appointment, the receiver was also appointed by that court receiver of the Lehigh & Susquehanna Railroad, and the "proceedings in chancery of New Jersey were adopted and confirmed so far as they relate to property of the Central Railroad Company of New Jersey in Pennsylvania, * * * and especially in reference to the leased road." In March, 1877, the receiver and lessees were notified by the lessors to the effect that "the lessees having broken their covenant to pay rent, * * * unless the same be paid [by a certain date], the lessees will terminate the lease, and repossess themselves of their property, including personal property purchased by the lessees and not paid for, * * * and to this end will make application to the circuit court

of the United States for the Western district of Pennsylvania for leave to enforce their legal rights against the lessees." On receiving this notice the receiver applied to the chancellor for an injunction to restrain the lessors from making application to the circuit court. The injunction was allowed, and thereupon the lessors removed the cause from the chancery to the United States court. The cause was heard by the circuit court, and held under advisement. This motion to remand was then argued.

J. C. Bullitt, for the motion, argued that the proceedings in the chancery were under a local statute, and could only be litigated before a state tribunal, and that, being analogous to those in bankruptcy, under the New Jersey laws, the decree of the chancellor was final. Nixon, Dig. p. 406.

McMurtrie (with whom was Gibbons), contra. The question is, has this cause been tried? There has been a bill (an ordinary creditor's bill) filed, praying for relief and a receiver. This is said to be a trial. The decree of the chancellor was given "upon filing of this bill," and when there was no bill filed. The order was but a conditional order "until a final order be given from this" or any other court. There are three issues in the case. One is adjudicated, the insolvency of the defendant. But the plaintiff's claim is still in issue. There is also the ultimate administration. The rights of all the parties are not adjudicated. There has been no opportunity for a trial, except what the chancellor may order ex parte. Where plaintiff's claim may still be litigated, the cause has not been tried. The subpoena has not gone out. The defendant is not in court; he only appeared by counsel to enable him to make this provisional order. The object of the act is that, until the result is obtained, either party may remove cause. Act March 3, 1875, 18 Stat. 471; Shelby v. Bacon, 10 How. [51 U. S.] 56. The receiver has not even filed his memorandum of assets necessary by act. There was no answer filed.

McKENNAN, Circuit Judge (orally). The cause is remanded, because first, the proceeding is under a local statute, and could not have been litigated in the United States court; and, secondly, because the decree appointing a receiver was in the nature of a final decree. This has no operation on the cause pending in the circuit court for the Western district, by whom the receiver of the property of the Central Railroad Company in this state was appointed. As to that, the receiver is the receiver of this court, and subject to its orders, and the appointment by the chancellor of New Jersey had no extraterritorial operation. The application for leave to enforce the rights of the lessors, as against the property in Pennsylvania, will be considered and decided by this court.